IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PHILLIP NELSON, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC., DBA FedEx HOME Delivery,

    Defendant

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

Phillip Nelson, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against FedEx Ground Package System, Inc. ("FedEx").

## STATEMENT OF THE CASE

1. The Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq*. (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. FedEx violated these laws by failing to compensate Plaintiff and other Members of the Class at "time and one-half" their regular rate of pay for all overtime hours worked. Plaintiff was employed jointly by FedEx and its independent service provider ("ISP"). These entities were associated in respect to Plaintiff's employment; and therefore, FedEx is responsible for compliance with state and federal overtime provisions. This class and collective action seeks to

recover damages and back-pay to compensate all current and former FedEx drivers for their unpaid overtime.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Phillip Nelson, is an adult resident of Fort Collins, Colorado. Plaintiff delivered FedEx Ground and Home Delivery packages as a joint employee of ISP Harmony Express Inc. and FedEx on or about August 2014 through November 2016.

3. FedEx Ground Package System, Inc. is a Delaware corporation and has its principal offices at 1000 FedEx Drive, Moon Township, Pennsylvania 15108.

4. This Court has jurisdiction over the FLSA claims in this case under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because acts giving rise to this lawsuit substantially occurred in the forum and Defendant has established minimum contacts within the forum. Plaintiff and other similarly situated drivers serviced routes by performing deliveries for FedEx and ISPs within the State of Colorado.

## FACTUAL BACKGROUND

7. As a central part of its business, FedEx contracts with incorporated ISPs to deliver packages to its customers through a standardized agreement (the "Agreement"). Under the Agreement, ISPs obtain a service area, usually a zip code, and are responsible to deliver all FedEx packages within that area. The Agreement establishes a relationship between FedEx and the ISP that is ongoing and lasting; the substantial commitments FedEx requires of the ISP are

indicative of those that effectually establish longevity of duration and a degree of permanency to the joint venture between the two employers.

8. In turn, the ISPs hire drivers, like Plaintiff, to deliver FedEx packages within the ISP's service area.

9. Plaintiff was employed jointly by FedEx and ISP Harmony Express, Inc., to deliver and pick up FedEx packages within a service area in Loveland, Colorado.

10. The ISP was Plaintiff's direct but nominal employer; FedEx directed and controlled Plaintiff's work. FedEx was the only client of the ISP and was the source of all the ISP's income.

11. FedEx dictated nearly every aspect of Plaintiff's work directly and indirectly through its Agreement with the ISP. In this regard, the ISP is little more than an administrator for FedEx and an independent contractor in name only, dictating to drivers the policies and directives of FedEx in accord with the Agreement.

12. Drivers, like Plaintiff—and ISPs in general—are not required to have any special skills; the delivery of FedEx packages is the only service provided by drivers, and because FedEx's sole business is to provide delivery services, it cannot operate its business without the drivers. Consequently, the economic and practical realities reflect that the relationship between FedEx and drivers is that of an employer and employee.

13. On information and belief, the Agreement requires FedEx to train all drivers— Plaintiff included. This training includes requiring drivers to pass pre-screening checks, background checks, fill out FedEx applications at FedEx's website or at one of its local terminals, review FedEx training materials, and complete a driving test with FedEx management prior to hire. FedEx retains ultimate control over driver hiring decisions.

14. On information and belief, the Agreement requires drivers—Plaintiff included—to wear FedEx uniforms, drive FedEx-approved vehicles, carry a FedEx badge on their persons and groom themselves according to FedEx's appearance standards. The Agreement requires the drivers to hold themselves out to the public as FedEx employees/representatives and not employees of the ISP.

15. Those who do not satisfy FedEx's eligibility requirements could not be hired by an ISP to deliver FedEx packages.

16. FedEx dictates to drivers, like Plaintiff, what packages to deliver, on what days, at what times, and under what policies and procedures. An ISP is responsible for delivering all packages scheduled on any given day within his service area regardless of the volume. This obligation is passed down from the ISP to the driver, like Plaintiff, regardless of how long it will take him to make the deliveries.

17. Plaintiff was required by FedEx to deliver and pick up each package within a specific window of time negotiated between FedEx and its customers.

18. After each delivery, drivers, like Plaintiff, use a FedEx-owned electronic scanner to send and record data about the delivery to FedEx.

19. Plaintiff, like all drivers, was required to arrive at a FedEx terminal each morning and load his own truck with all packages scheduled for delivery that day. This process could take anywhere from 2 to 4 hours and Plaintiff was not compensated for this time.

20. FedEx mandated drivers, and Plaintiff was no exception, to remain at the terminal until all the packages it assigned to him were accounted for, scanned and his scanner closed out by FedEx personnel. FedEx provides a manifest to the driver that consists of all the deliveries scheduled and packages that are on the driver's truck. This manifest coincides with a manifest

on the driver's electronic scanner. The scanner cannot be closed out for the day until all packages and delivery stops have been reconciled.

21. FedEx trained Plaintiff on how best to perform his job safely and to interact with customers. Specifically, FedEx management provided weekly safety meetings that Plaintiff was to attend.

22. FedEx required that managers complete "ride-along" reviews of drivers on a consistent basis, to ensure that FedEx policies and procedures were followed. Therefore, these drivers are subject to the oversight and continuing approval of FedEx management.

23. Drivers operate a vehicle that must be approved by FedEx, bearing FedEx logos, numbers, marks, and insignia. FedEx management routinely inspects the trucks to see whether they are in compliance with DOT regulations and FedEx standards.

24. FedEx required Plaintiff's truck be maintained in a clean and presentable fashion.

25. FedEx managers and employees interacted with Plaintiff throughout the day, dictating to him instructions in respect to packages and customer requests.

26. Plaintiff was trained to direct issues or problems that arose while servicing FedEx customers to FedEx management at the terminal.

27. FedEx undertook supervisory and oversight obligations for Plaintiff; specifically, FedEx managers frequently contacted Plaintiff to discuss customer complaints and other policy and standard practice issues.

28. On information and belief, FedEx kept an employee file for Plaintiff that included contact information, training records, employment information, and a history of complaints Plaintiff had received.

29. On information and belief, the operating agreements allowed FedEx to terminate drivers by threat of economic sanctions imposed on ISPs for a driver's noncompliance with FedEx policies.

30. Like all drivers, Plaintiff was economically dependent on both FedEx and the ISP because those two entities collectively dictated every aspect of his work.

31. The services that Plaintiff performed were integral both to FedEx's and the ISP's businesses.

32. FedEx maintained functional control over Plaintiff's work by mandating Plaintiff's compliance directly through its management personnel and indirectly through its ISP.

33. FedEx exercised both formal and informal control over Plaintiff.

34. Though the length of each driver's day can vary, which time includes loading time at the terminal and waiting upon FedEx personnel for dispatch, a driver regularly works more than 8 hours per day.

35. During the "peak season" which begins after Thanksgiving and concludes in mid-January, Plaintiff, like other drivers, regularly work in excess of 12 hours per day, sometimes 6 days per week.

36. Although Plaintiff was often required to work more than 12 hours per day and/or 40 hours per week furthering FedEx's business, Plaintiff was not compensated at the mandated time and one-half rate for all his overtime hours. No overtime exemption applies to Plaintiff.

37. At all relevant times, FedEx and ISPs are joint employers pursuant to the FLSA. *See* 29 C.F.R. § 791.2.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

**ALL CURRENT OR FORMER FEDEX DRIVERS WHO WERE NOT COMPENSATED LAWFULLY FOR ALL OVERTIME HOURS WORKED.**

39. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds five hundred.

   b. Numerous questions of law and fact regarding the liability of FedEx are common to the Class and predominate over any individual issues which may exist. Among the issues and questions common to the class are: 1) Whether Defendant, along with ISPs, was a joint employer of drivers; 2) whether Defendant engaged in a common course of failing to compensate Class Members at an overtime premium of 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week or 12 per day; 3) whether Defendant engaged in a common course of failing to properly compensate drivers for all hours worked; 4) whether Defendant engaged in a common course of failing to maintain true and accurate records for all hours worked by Class Members; 5) whether Defendant violated state and/or federal law; 6) whether any exemptions apply to Class Members; and 7) the nature and extent of class-wide injury and the measure of compensation for each injury.

  c. The claim asserted by Plaintiff is typical of the claims of Class Members and the Class is readily ascertainable from FedEx's own records.  Plaintiff and Class Members were all paid under a similar compensation plan that is challenged in this lawsuit.  Plaintiff and Class Members all were denied overtime required by law.  Plaintiff's legal theories are identical to those of Class members.  In particular, as described above, Plaintiff contends that Defendant engaged in a course of conduct that deprived Plaintiff and Class Members of overtime pay, and in doing so, violated state and federal law.  Plaintiff's claims, and those of other putative Class Members, are based on the same conduct and compensation practices, seek similar remedies, and therefore, satisfy the typicality requirement.

  d.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual claims at issue in this class action involve small amounts and, for most (all) Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit.  On information and belief, many of the Class Members do not have the financial means to hire counsel.  The class action process would provide an opportunity that is otherwise not practicable or that is simply not available for many of the individual Class Members.

  e. Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Plaintiff and other Class Members all are current or former employees of Defendant performing the same types of non-exempt

package delivery work. Their claims are identical and run solely against Defendant. Plaintiff and other Class Members do not have contractual relationships with each other, hence they do not have cross claims, third party claims, or claims in the nature of contribution, comparative fault, or set-off that would place them at odds with each other. In short, their interests are identical and not in conflict. Furthermore, Plaintiff is represented by experienced class action counsel.

40. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions and were subjected to FedEx's common practice, policies, control, and oversight.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

41. Plaintiff incorporates by reference all of the above paragraphs.

42. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the FLSA; and is therefore, subject to the wage requirements under 29 U.S.C. § 203(d).

43. At all relevant times, Plaintiff and FLSA Class Members have been covered employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

44. FedEx is an enterprise engaged in interstate "commerce" within the meaning of the FLSA.

45. At all relevant times, FedEx has had gross annual volume of sales in excess of $500,000.

46. At all relevant times, FedEx has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b).

47. FedEx was a "joint employer" of Plaintiff within the meaning of the FLSA.

48. While employed by FedEx, Plaintiff was engaged in commerce within the meaning of the FLSA.

49. Because of the foregoing conduct, as alleged, FedEx has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

50. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in accord with FLSA shall be liable to the employee for the overtime wages, an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs.

51. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act § 8-4-101, *et seq*.)**

52. Plaintiff incorporates by reference all of the above paragraphs.

53. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act. *See* Colo. Rev. Stat. Ann. § 8-4-101(6).

54. At all relevant times, FedEx employed, and continues to employ "employees", within the meaning of the Wage Claim Act. *See* Colo. Rev. Stat. Ann. § 8-4-101(5)

55. Plaintiff was an employee of FedEx between 2014 and 2016 within the meaning of the Wage Claim Act.

56. Because of the foregoing conduct, as alleged, FedEx has failed to pay wages due under the Wage Claim Act, the Minimum Wage Act, and the FLSA, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

57. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated lawfully. This demand for payment is continuing and is made on behalf of any current FedEx employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq*.)**

58. Plaintiff incorporates by reference all of the above paragraphs.

59. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

60. At all relevant times, FedEx has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

61. Plaintiff was an employee of FedEx within the meaning of the Minimum Wage Act.

62. As a result of the foregoing conduct, as alleged, FedEx has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law. As described in detail above, these unpaid wages include overtime wages owed for: "off the clock" work such as time working in the terminal loading trucks before being dispatched to deliver.

63. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## JURY DEMAND

64. Plaintiff demands a trial by jury for all issues of fact.

## REQUEST FOR RELIEF

65. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against FedEx as follows:

   a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b. Ordering prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

   c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

   d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   e. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

   f. Awarding Plaintiff and members of the Class liquidated damages and/or statutory penalties as provided by law; and

   g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of June, 2018.

                                      *s/Brian D. Gonzales*
                                  _____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Dustin T. Lujan
LUJAN LAW OFFICE
1603 Capitol Ave, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

*Counsel for Plaintiff*